**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| MILORAD SPASOJEVIC, | ) | CASE NO. 10-08408 |
| | ) | |
| Debtor. | ) | HON. Eugene R. Wedoff |
| | | Hearing Date: July 13, 2011 |
| | | Hearing Time: 10:00 a.m. CST |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:   Gus A. Paloian, Chapter 7 Trustee

Authorized to Provide
Professional Services to:   Estate

Date of Order Authorizing Employment:   February 27, 2010

Period for Which
Compensation is Sought:   February 27, 2010 through close of this case

Amount of Fees Sought:   $1,500.12

Amount of Expense
Reimbursement Sought:   $   0.00

This is an:                      Interim Application              Final Application:   X

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

Date:   June 10, 2011                         By:   /s/ Gus A. Paloian
                                                    Applicant: Gus A. Paloian, Chapter 7 Trustee

12702412v1
13233583v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| MILORAD SPASOJEVIC, | ) | CASE NO. 10-08408 |
| | ) | |
| Debtor. | ) | HON. Eugene R. Wedoff |
| | | Hearing Date: July 13, 2011 |
| | | Hearing Time:  10:00 a.m. CST |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE AND
PAYMENT OF COMPENSATION TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN
FOR THE PERIOD OF FEBRUARY 27, 2010 THROUGH THE CLOSE OF THE CASE**

Pursuant to 11 U.S.C. §§ 326(a) and 330(a), and Federal Rules of Bankruptcy Procedure 2002(a)(6) and (c)(2), 2016(a), and 9034(e), Gus A. Paloian, not individually, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee"), of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor") respectfully submits his first and final application (the "Application") for allowance and payment of compensation in the amount of $1,500.12 for services rendered during the period commencing February 27, 2010 through the close of this case (the "Application Period").  In support of this Application, the Trustee respectfully represents, as follows:

**JURISDICTION**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

2.  This matter is before the Court pursuant to 28 U.S.C. § 157 and Local General Rule 2.33(a) of the United States District Court for the Northern District of Illinois.

1

13233583v.1

3.   Venue is proper under 28 U.S.C. §§ 1408 and 1409.  Consideration of this Application constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (M).[1]

4.   The statutory and rule-based predicates for this Application are 11 U.S.C. §§ 326(a) and 330(a), and Federal Rules of Bankruptcy Procedure 2002(a)(6) and (c)(2), 2016(a), and 9034(e).[2]

## BACKGROUND

### Procedural Background

5.   On February 27, 2010, the Debtor filed his voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

6.   Shortly thereafter, Gus A. Paloian was appointed as the Chapter 7 Trustee in the Case.

### Services Rendered By The Trustee

7.   During the Application Period covered by this Application, the Trustee performed 7.50 hours of actual and necessary services on behalf of the Estates, with a total value of $1,715.00.  An itemized statement describing the Trustee's services is attached hereto as **Exhibit 1**.  Those services include, but are not limited, to the following:

(a)   Directing counsel to prepare necessary pleadings and motions in the case;

---

[1] Pursuant to 28 U.S.C. § 157(b)(2), "[c]ore proceedings include . . . (A) matters concerning the administration of the estate; . . . [and] (M) orders approving the use . . . of property, including the use of cash collateral[.]"  28 U.S.C. 157(b)(2)(A) & (M).

[2] Unless otherwise noted, all references to code sections herein are made to title 11 of the United States Code, 11 U.S.C. §§ 101 - 1330 (the "Bankruptcy Code").  Similarly, and unless otherwise noted, all rule-related references herein are made to the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

2

(b) Investigating the Debtor's interest in certain personal property comprised of a vehicle and boat, and negotiating the Debtor for a sale of the Estate's interest therein;

(c) Attending to the Estate's tax obligations;

(d) Preparing reports, as required by the United States Trustee, regarding the administration of this case;

(e) Reviewed and analyzed claims filed; and

(f) Maintaining the Estate's bank accounts and investing the funds collected and liquidated.

## APPLICABLE STANDARDS FOR TRUSTEE COMPENSATION

8. Sections 326(a) and 330(a) of the Bankruptcy Code guide bankruptcy courts in determining the amount of compensation to be awarded to Chapter 7 trustees. See Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999); In re Jenkens, 130 F.3d 1335, 1337 (9th Cir. 1997). The provisions are, however, independent of one another. See In re Stoecker, 118 B.R. 596, 601 (Bankr. N.D. Ill. 1990) (Squires, J.).

9. Section 326(a) limits the maximum amount of compensation that may be awarded to a Chapter 7 trustee. See id.; In re Churchfield Mgmt. & Inv. Corp., 98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.). This amount is "calculated by a percentage of the moneys brought into the Estates by the trustee's services." Churchfield Mgmt. & Inv. Corp., supra. In this respect, § 326(a) provides:

> In a case under chapter 7 . . . the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of

3

> $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).[3] "Numerous courts have held that this language fixes the maximum compensation a trustee may receive, with the court having the power to determine the reasonableness of the fees requested up to the statutory limit." In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

10. In the latter respect, the reasonableness of a fee request is determined under the factors enumerated in § 330.[4] See Stoecker, 118 B.R. at 601 (§ 330 prescribes the statutory standards for determining reasonable compensation to all professionals, including Chapter 7 trustees); Churchfield Mgmt. & Inv. Corp., 98 B.R. at 889 (same). In this connection, the general standard for approving requests for compensation is stated in § 330(a)(1), as follows:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, [or to] a professional person employed under section 327 or 1103–

---

[3] Section 326(a) was amended by § 107 of the Bankruptcy Reform Act of 1994, Pub. L. 103-394 (Oct. 22, 1994). The amendment became effective for all cases commenced after October 22, 1994. Because the Debtor's case was commenced on December 30, 1994, see 11 U.S.C. § 303(b), amended § 326(a) applies herein.

[4] In a detailed exposition in In re East Peoria Hotel Corp., 145 B.R. 956 (Bankr. C.D. Ill. 1991), Judge Altenberger illustrated the congruence between § 330, the "Johnson factors" [derived from the case of Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)] and the "Lodestar" approach. As the court observed:

[T]hough the factors considered under Johnson, the "Lodestar" approach and Section 330 of the Bankruptcy Code are not identically termed, there is a sense of harmony between them and a court need not pick one over the others. The end result would be the same, whatever approach was applied. Although the tests are stated differently, the primary considerations are the same.

Id. at 962-63 (the court going on to demonstrate the parallelism between the tests by comprehensively comparing their relevant factors in table format).

4

    (a)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

    (b)    reimbursement for actual, necessary expenses.[5]

11 U.S.C. § 330(a)(1). Reasonableness is, thus, the touchstone of the analysis. Section 330(a)(3) further informs the reasonableness analysis, as follows:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

---

[5] With respect to expenses, the Trustee adheres to this Court's directive that: "(1) costs associated with facsimile transmissions shall be considered to be overhead, absent proof of an actual expense attributable to the particular case in which the request is made; (2) reimbursement of costs associated with photocopying shall be limited to 10 cents per page absent proof of actual expense in a greater amount." Standing Order No. 8 (Sonderby, C.J., April 6, 2000).

11. Additionally, § 330(a)(4)(A) generally prohibits the court from allowing "compensation for (i) unnecessary duplication of services; or (ii) services that were not (I) reasonably likely to benefit the debtor's estates; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A).

12. "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and the attorneys and paralegals for the Trustee[.]" In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.). A trustee's application for compensation provides the Court with the information necessary to deciding these issues.

13. In this respect, "[a]n entity seeking compensation under Section 330 . . . must file with the Court, pursuant to Rule 2016 . . ., 'an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.'" In re Adventist Living Ctrs., Inc., 137 B.R. 701, 705 (Bankr. N.D. Ill. 1991) (Sonderby, C.J.) (quoting Fed. R. Bankr. P. 2016(a)).

14. Properly presented, a fee application must list: (1) each activity as a separate entry[6]; (2) its date; (3) the attorney or professional who performed the activity; (4) a description of the nature and substance of the activity; and (5) the time spent thereon. In re Adventist Living Ctrs., Inc., 137 B.R. at 705. In this last respect, in Chapter 7 cases where the trustee has employed counsel, "the trustee's time records shall be maintained separately from the time records of his or her counsel and all fees shall be subject to further order of the Court." Standing Order No. 5 (Sonderby, C.J., March 27, 1998); accord Churchfield Mgmt. & Inv.

---

[6] Lumping, which can take the form of clustering "several services regarding different tasks into one entry," or grouping "several services regarding the same task into one entry," is neither permissible nor compensable. In re Adventist Living Ctrs., Inc., 137 B.R. at 705.

6

Corp., 98 B.R. at 891 ("[T]he statutory standard for trustees is the same as that for attorneys for whom time entries have long been required.").

15.     "The applicant carries the burden of establishing the reasonableness of its fees. Additionally, the application must stand on its own merits." Adventist Living Ctrs., 137 B.R. at 705 (citations omitted); accord In re Kenneth Leventhal & Co., 19 F.3d 1174, 1177 (7th Cir. 1994); In re Famisaran, 224 B.R. 886, 897 (Bankr. N.D. Ill. 1998) (Squires, J.).  This is true whether the applicant is a professional employed by the estate or the trustee appointed to represent it.  "Like any other court appointee requesting compensation out of assets of the estate, the Trustee [is] obligated to bear the burden of proving all aspects of the worth of his services and the magnitude of his compensation award." In re Leedy Mortgage Co., 126 B.R. 907, 917 (Bankr. E.D. Pa. 1991) (collecting cases);  see Stoecker, 118 B.R. at 601.

16.     "The Bankruptcy Court has wide discretion in reviewing fee applications." In re Prairie Cent. Ry. Co., 87 B.R. at 956; see also Kennedy v. Rams Hill, LLC (In re Borrego Springs Dev. Corp.), 253 B.R. 271, 285 (S.D. Cal. 2000) ("[I]t is the bankruptcy court's exclusive province to determine the reasonable compensation for a trustee's services under section 330(a)."). This discretion includes the authority to award compensation that is either less than or greater than the amount of the requested compensation. See 11 U.S.C. §§ 328(a) (court may award professional person employed by trustee or committee "compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident . . . .") & 330(a)(2) (bankruptcy court may award compensation less than that requested); In re Consolidated Bancshares, Inc., 785 F.2d 1249, 1257 (5th Cir. 1986) (the award of fee enhancements is discretionary with the bankruptcy court);  see, e.g., In re Hillsborough Holdings Corp., 191 B.R.

7

937, 940-41 (Bankr. M.D. Fla. 1995) (bankruptcy court awarding, sua sponte, fee enhancements of between five and ten percent each, to committee counsel, debtor's counsel, and other attorneys in case).

17. In the latter respect, bankruptcy courts are permitted to award fee enhancements based upon the quality of services provided by professionals. See P.A. Novelly v. Palans (In re Apex Oil Co.), 960 F.2d 728, 732 (8th Cir. 1992); see also In re UNR Indus., Inc., 986 F.2d 207, 211 (7th Cir. 1993) (Seventh Circuit agreeing that fee enhancements for quality are not prohibited); cf. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S. Ct. 3088, 3098, 92 L.Ed.2d 439 (1986) (acknowledging permissibility of fee enhancements in non-bankruptcy context).

## PRIOR REQUEST FOR COMPENSATION

18. There has been no prior request for Trustee compensation filed in this case.

## TRUSTEE'S FINAL REQUEST FOR COMPENSATION

19. The Trustee requests compensation based upon Section 326(a) of the Code, calculated as follows:

| | |
|---|---|
| Total Compensable Receipts | = $7,501.24 |
| 25% of the first $5,000.00 disbursed | = $1,250.00 |
| 10% of the next $2,501.24 disbursed | = $250.12 |
| MAXIMUM COMPENSATION ALLOWABLE | = $1,500.12 |

20. The Trustee collected $7,501.24 for the benefit of the Estate and disbursed $0.00. The Trustee anticipates that there will be sufficient funds to make a distribution to general unsecured creditors. The Trustee does not anticipate that there will be excess funds paid to back to the Debtor.

21. During the Application Period, the Trustee has performed 7.50 hours of service on behalf of the Estate with a total value of $1,715.00. In addition, the Trustee estimates that he

8

will perform an additional 4.00 hours of services with a value of $1,215.00 in order to appear at the final hearing in the case, complete the final distribution in this case, and prepare and file his final account.

22. The Trustee believes that the compensation is appropriate in light of the results and benefits achieved through his efforts on behalf of the Estate and its creditors.

23. Based upon the allowed maximum compensation, the Trustee requests final compensation in the amount of $1,500.12 to be paid from the Estate funds as part of the Trustee's final distribution in this case.

WHEREFORE, Gus A. Paloian, as Trustee of the Estate of Milorad Spasojevic, respectfully requests that the Court enter an Order:

A. Allowing and awarding final compensation to the Trustee in the amount of $1,500.12;

B. Authorizing the Trustee to pay the monies awarded as part of his final distribution in this case;

C. Granting such other and further relief as the Court deems just and proper.

Dated: June 10, 2011　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　GUS A. PALOIAN, not individually, but solely in his capacity as Trustee of the Milorad Spasojevic, Bankruptcy Estate

　　　　　　　　　　　　　　　　　　　By:/s/ Gus A. Paloian
　　　　　　　　　　　　　　　　　　　　　Gus A. Paloian, Trustee

　　　　　　　　　　　　　　　　　　　Gus A. Paloian, Esq. (06188186)
　　　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP
　　　　　　　　　　　　　　　　　　　131 South Dearborn Street, Suite 2400
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　Phone: (312) 460-5000
　　　　　　　　　　　　　　　　　　　Facsimile: (312) 460-7000

9

# EXHIBIT 1

| Date | Attorney | Description | Hours | Value |
|---|---|---|---|---|
| 07/08/10 | J. McManus | Open case file (.20); prepare Initial Report of Assets (.10); begin preparation of Seyfarth retention motion (.40). | 0.30 | 70.50 |
| 07/09/10 | J. McManus | Confer with G. Paloian regarding sale of boat and automobile (.10); open case in TCMS (.10); open Money Market Account (.10); deposit sale funds and record accordingly (.20); prepare W-9 and forward same to Bank of America (.10). | 0.60 | 141.00 |
| 08/13/10 | J. McManus | Prepare quarterly status report for meeting with G. Paloian. | 0.20 | 47.00 |
| 08/20/10 | J. McManus | Revise case status report and confer R. Podorovsky regarding same. | 0.10 | 23.50 |
| 08/27/10 | J. McManus | Investigate status, revise status report and prepare for case status meeting with G. Paloian and R. Podorovsky (.10); attend meeting regarding same (.10); West regarding tax return status (.10). | 0.30 | 70.50 |
| 08/27/10 | R. Knapp | Review claims filed (.10); review schedules to verify complete administration of assets (.20); review issues to close case (.10); discuss same with G. Paloian (.10); memo regarding: work to be done (.20). | 0.70 | 154.00 |
| 08/30/10 | J. McManus | Confer with L. West regarding tax return requirement. | 0.10 | 23.50 |
| 09/21/10 | J. McManus | Revise case status report. | 0.10 | 23.50 |
| 10/08/10 | J. McManus | Prepare status report. | 0.20 | 47.00 |
| 10/19/10 | J. McManus | Confer with R. Podorovsky regarding case status. | 0.10 | 23.50 |
| 10/28/10 | J. McManus | Run proposed distribution for G. Paloian. | 0.20 | 47.00 |
| 10/29/10 | J. McManus | Prepare case status report. | 0.20 | 47.00 |
| 11/01/10 | J. McManus | Reconcile bank accounts. | 0.10 | 23.50 |
| 11/08/10 | J. McManus | Confer with G. Paloian regarding case closing. | 0.10 | 23.50 |
| 12/06/10 | J. McManus | Prepare case status report. | 0.20 | 47.00 |
| 01/13/11 | J. McManus | Revise Form 3 for Annual Report. | 0.20 | 49.00 |
| 01/25/11 | J. McManus | Revise Form 2 for Annual Report. | 0.20 | 49.00 |
| 01/27/11 | J. McManus | Upload scheduled property and claims (.20); review and revise Form 2 (.10). | 0.30 | 73.50 |
| 01/31/11 | J. McManus | Revise Form 2. | 0.10 | 24.50 |
| 02/11/11 | R. Knapp | Prepare Trustee's final fee application (1.50); prepare Trustee's final report (1.00); prepare Trustee's Notice of Final Hearing (.50). | 3.00 | 690.00 |
| 03/07/11 | A. Shepro | Reconcile January bank statements (.10); compile December and January bank statements and reconciliations for filing (.10). | 0.20 | 17.00 |
| | | **TOTALS** | **7.50** | **$1,715.00** |

13229612v.1

13229612v.1