**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Case No. 10-08408 |
| ) | Chapter 7 |
| MILORAD SPASOJEVIC, ) | |
| ) | Hon. Eugene R. Wedoff |
| Debtor. ) | |
| ) | Hearing Date: July 13, 2011 |
| ) | Hearing Time: 10:00 a.m. |

**COVER SHEET FOR FIRST AND FINAL APPLICATION FOR
COMPENSATION OF SEYFARTH SHAW LLP
AS COUNSEL TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN**

Name of Applicant:                      Seyfarth Shaw LLP

Authorized to Provide
Professional Services to:            Chapter 7 Trustee, Gus A. Paloian

Date of Retention:                   August 17, 2010

Period for which Compensation
and Reimbursement is Sought:      July 8, 2010 through the close of the case

Amount of Final Compensation
Sought:                                       $3,591.00

Amount of Final Expense
Reimbursement Sought:               $0.00

This is a:    X    Final       Interim Application.

Prior Applications: None

13229569v.1

Dated: June 10, 2011

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Gus A. Paloian

Gus A. Paloian (06188186)
James B. Sowka (6291998)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

13229569v.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Case No. 10-08408 |
| ) | Chapter 7 |
| MILORAD SPASOJEVIC, ) | |
| ) | Hon. Eugene R. Wedoff |
| Debtor. ) | |
| ) | Hearing Date: July 13, 2011 |
| ) | Hearing Time: 10:00 a.m. |

**FIRST AND FINAL APPLICATION FOR COMPENSATION OF
SEYFARTH SHAW LLP AS COUNSEL TO CHAPTER 7 TRUSTEE GUS A. PALOIAN
FROM JULY 8, 2010 THROUGH THE CLOSE OF THE CASE**

Pursuant to Sections 105(a), 330, and 331 of the United States Bankruptcy Code, Seyfarth Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), hereby submits its First and Final Application for Compensation (the "Application") for legal services performed, and expenses incurred, during the period of July 8, 2010, through the close of the case (the "Application Period").  In support of this Application, Seyfarth respectfully represents, as follows:

**I. INTRODUCTION**

1.     Seyfarth makes this Application pursuant to:  (A) Sections 330, 331, 503(a) and (b), 506(c), and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code");  (B) Rule 2016 of the Federal Rules (the "Rules") of Bankruptcy Procedure;  (C) certain applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as adopted by the Office of the United States Trustee;  (D) Rule 5082-1 of the Local Bankruptcy Rules (the "Local Rules") for the United States Bankruptcy Court for the Northern District of

13229569v.1

Illinois (the "Court"); (E) that certain Order of the Court, dated August 8, 2010, authorizing Seyfarth's retention as counsel to the Trustee (the "Seyfarth Retention Order"); and (F) other applicable case law discussed herein (collectively, the "Authorities for Relief"). In this regard, Seyfarth has made every reasonable effort to comply with the Authorities for Relief.

2. In making this Application, Seyfarth respectfully seeks an Order of this Court awarding and authorizing payment from the Estate of final allowance of compensation in the amount of $3,591.00 (the "Fees") for professional services rendered by Seyfarth on behalf of the Trustee during the Application Period.

## II. JURISDICTION

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A), (M), and/or (O). The predicates for the relief requested herein are 11 U.S.C. §§ 105(a), 330, and 331.

## III. BACKGROUND

### A. Case Background

4. On February 27, 2010 (the "Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code thereby initiating this case (the "Case").

5. Shortly thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee for the

6. Seyfarth was employed as attorneys for the Trustee pursuant to the Seyfarth Retention Order. A copy of the Seyfarth Retention Order is attached hereto as **Exhibit 1.**

2

13229569v.1

B. **Summary of Services Rendered by Seyfarth to the Trustee**

7. This is Seyfarth's First and Final Application for compensation in the Case.

8. Seyfarth has neither previously received nor been awarded any compensation of fees related to the Case during the Application Period.

9. In accordance with Section 504 of the Bankruptcy Code, Rule 2016, and the U.S. Trustee Guidelines, no payments have heretofore been made, promised to, or applied by Seyfarth for services rendered or to be rendered in any capacity whatsoever in connection with the Case. Moreover, no agreement or understanding exists between Seyfarth and any other entity for a division of compensation to be received herein or in connection with the Case, other than as permitted under the Bankruptcy Code and Rules.

10. The Fees requested by Seyfarth for legal services rendered to the Trustee during the Application Period aggregate $3,591.00.  A breakdown of this amount by each Seyfarth professional; each such professional's title, hourly rate, and total hours expended in providing legal services; and the value attributable to such legal services is, as follows:

| PROFESSIONAL | TITLE | HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Andrew Banas | Associate | $325.00 (2010) | 0.30 | $97.50 |
| M. Ryan Pinkson | Associate | $295.00 (2010) | 1.80 | $531.00 |
| Jennifer M. McManus | Paralegal | $235.00 (2010) | 1.70 | $399.50 |
| Ricki Knapp-Podorovsky | Paralegal | $220.00 (2010) $230.00 (2011) | 10.70 | $2,379.00 |
| Alice Shepro | Case Asst. | $80.00 (2010) | 2.30 | $184.00 |
| **TOTAL:** | | | **16.80** | **$3,591.00** |

3

13229569v.1

The above-table indicates the respective discounted hourly rates of Seyfarth professionals during the Application Period as adjusted from time to time by Seyfarth pursuant to its normal and customary billing practices.

11.     Biographies for the attorneys listed above describing their qualifications and areas of expertise, are grouped and attached hereto as **Exhibit 2,** which is incorporated herein by reference.

12.     During the Application Period, Seyfarth made every reasonable effort to have the services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

13.     All of the Fees for which Seyfarth requests final allowance and payment of compensation relate to the Application Period and were rendered in connection with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the Trustee.

14.     Seyfarth respectfully submits that its services to the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

15.     During the Application Period, Seyfarth has rendered 16.80 hours. All of the fees for which Seyfarth requests allowance and payment of compensation relate to the Application Period. Copies of all such records for the Application Period are attached hereto as **Exhibit 3**.

16.     The services rendered by Seyfarth on behalf of the Trustee primarily have been in connection with the liquidation of the Estate's property. For the Court's convenience, Seyfarth provides the following outline in summary of the services rendered:

  A. Seyfarth advised the Trustee as to the Estate's interest in certain personal property comprised of a vehicle and boat (the "Property"); Seyfarth advised the Trustee as to the validity of the Debtor's claimed exemption in the Property; Seyfarth prepared and presented the Trustee's Motion to Sell the Property; and as a result of these efforts, the Estate recovered gross proceeds of $7,500.00; and

  B. Seyfarth represented the Trustee with respect to general case administration matters, including the preparation and presentation of the Trustee's Motion to Retain Attorneys; advising the Trustee as to the Estate's tax obligations; and the preparation of this Application.

  17. During the Application Period, Seyfarth expended 2.50 hours of time, worth a value of $550.00, in preparing the Application.

  18. "Section 330(a) [ ] expressly contemplates compensation for preparation of fee applications." Smith v. Edwards & Hale, Ltd. (In re Smith), 317 F.3d 918, 927 (9th Cir. 2002), cert. denied sub nom. Smith v. Grimmett, 538 U.S. 1032, 123 S. Ct. 204, 155 L. Ed. 2d 1060 (2003); see 11 U.S.C. § 330(a)(6).

  **C. Reasonableness of Compensation Requested**

  19. In accordance with 11 U.S.C. § 330(a)(1), Seyfarth seeks reasonable compensation for actual and necessary services provided to the Trustee. Such compensation is fair based upon the time, nature, extent and value of such services and the hours expended and the expertise provided. Seyfarth's efforts have resulted in tangible and substantial benefit to the Estate, as discussed *supra*.

  20. Seyfarth has kept its time in tenths of an hour, or six minute increments, to most accurately reflect the specific tasks performed.

21. Seyfarth has, to the best of its ability, kept to a minimum the amount of time spent by its attorneys engaging in intra-office conferences and double-staffing hearings.

22. Under the circumstances, the compensation requested by Seyfarth is fair and reasonable, and its allowance and payment, in full, is justified.

### IV. STATEMENT OF APPLICANT PURSUANT TO 11 U.S.C. § 504 AND FED R. BANKR. P. 2016

23. Other than as provided in 11 U.S.C. § 504(b), Seyfarth has not shared or agreed to share any compensation as a result of this case with any person, firm or entity. No agreement or understanding exists between Seyfarth and any other person, firm or entity concerning the sharing of compensation received, or to be received, on account of this case.

### V. RELIEF REQUESTED

WHEREFORE Seyfarth respectfully requests that the Court enter an Order:

A. Allowing Seyfarth final compensation in the total amount of $3,591.00; and

B. Granting such other and further relief as this Court deems proper.

Dated: June 10, 2011

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of the Debtor's Estate,

By: /s/ Gus A. Paloian

Gus A. Paloian (06188186)
James B. Sowka (6291998)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

6

13229569v.1

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 10-B-08408-ERW |
| | ) Chapter 7 |
| Milorad Spasojevic, | ) |
| | ) Hon. Eugene R. Wedoff |
| Debtor. | ) |
| | ) |

ORDER AUTHORIZING AND APPROVING RETENTION
AND EMPLOYMENT OF SEYFARTH SHAW LLP AS
COUNSEL TO CHAPTER 7 TRUSTEE GUS A. PALOIAN

This matter having been presented to the Court upon the Application of Gus A. Paloian, not individually, but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor, and upon the accompanying Affidavit of M. Ryan Pinkston (the "Pinkston Affidavit"), for an order authorizing the employment of Seyfarth Shaw LLP ("Seyfarth") as counsel to represent the Trustee in the above-captioned case (the "Case"); and it appearing to the Court that proper notice of this Application has been provided pursuant to applicable rules and statutes and that no further notice is necessary or required; and the Court being satisfied based on the representations made in the Application and the accompanying Pinkston Affidavit that, except as set forth therein, Seyfarth does not represent any interest that is adverse to the Estate and is disinterested under Section 101(14) of the Bankruptcy Code, and that its employment is necessary and is in the best interests of the Estate; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED, that in accordance with 11 U.S.C. §§ 105(a), 327(a) and (d), and 328(a), the Trustee is authorized and empowered to retain and employ Seyfarth as his counsel on the terms

12513944v.1

and conditions (the "Terms and Conditions") set forth in the Application and the Pinkston Affidavit attached to the Application, and Seyfarth is authorized to perform all of the legal services for the Trustee referenced in the Application on such Terms and Conditions; and it is further

ORDERED, that Seyfarth's compensation and reimbursement in respect of its fees and expenses incurred representing the Trustee shall be subject to further order of the Court in accordance with the procedures and standards set forth in sections 330 and 331 of the Code, such Federal Rules of Bankruptcy Procedure as may be applicable from time to time, and such procedures as may be fixed by order of this Court.

Dated: 17 AUG 2010

_____
HONORABLE EUGENE R. WEDOFF
UNITED STATES BANKRUPTCY JUDGE

12513944v.1

# EXHIBIT 2

# SEYFARTH SHAW LLP
ATTORNEYS



**Ryan Pinkston**

Associate

**Chicago**

(312) 460-5578

## Ryan Pinkston

rpinkston@seyfarth.com

Practice Areas

- **Commercial Litigation**
- **Bankruptcy, Workouts & Business Reorganization**

Mr. Pinkston is a bankruptcy associate in the Chicago office of Seyfarth Shaw LLP. Mr. Pinkston's practice focuses on bankruptcy litigation, creditor rights, corporate reorganizations, pre-bankruptcy planning and negotiations, and commercial litigation. Among other representations, Mr. Pinkston serves as counsel for secured lenders, insurance companies, national banks, trade creditors, and chapter 7 and chapter 11 bankruptcy trustees. He has represented clients in both state and federal trial and appellate courts in such diverse areas as commercial real estate foreclosure, mass torts, insurance coverage disputes, chapter 11 plan confirmation, bankruptcy asset sales, preference and fraudulent transfer prosecution and defense, breach of contract, and civil rights.

Mr. Pinkston was recognized as a member of Seyfarth Shaw's 2010 Pro Bono Team of the Year and as runner-up for 2010 Pro Bono Associate of the Year. He is also an active member and committee chair on the Associate Board of Ambassadors for the American Cancer Society of Illinois.

Education

J.D., Indiana University-Bloomington, *magna cum laude* (2008)

　　Articles Editor, *Federal Communications Law Journal*
　　Order of the Coif
　　Dean's List (2005-2008)

B.A., Washington University in Saint Louis (2005)

Admissions

- Illinois

Courts

U.S. District Courts for the Northern, Central, and Southern Districts of Illinois

Affiliations

- Chicago Bar Association

- American Cancer Society of Illinois, Associate Board of Ambassadors (Chair, Discovery Ball Sub-Committee)

Publications

- Co-author, "The Implied Warranty of Habitability in Illinois: A Critical Review," 98 *Illinois Bar Journal* 92 (February 2010)

Presentations

- Co-presenter, "Practice Pointers in Preference Litigation," Chicago Bar Association (April 5, 2011)

# EXHIBIT 3

| Date | Attorney | Description | Hours | Value |
|---|---|---|---|---|
| 07/08/10 | J. McManus | Begin preparation of Seyfarth retention motion. | 0.40 | 94.00 |
| 07/09/10 | J. McManus | Prepare Motion to Retain Seyfarth. | 0.60 | 141.00 |
| 07/12/10 | J. McManus | Prepare Motion to Sell Assets. | 0.50 | 117.50 |
| 07/20/10 | R. Knapp | Draft motion to employ Seyfarth (1.20); prepare affidavit for R. Pinkston (1.00) | 2.20 | 484.00 |
| 07/20/10 | R. Knapp | Prepare notice of motion and certificate of service (.20); review case file for information needed to draft motion to sell (.20); research regarding: claimed exemption on amended schedules (.20); begin draft motion to sell property (.50). | 1.10 | 242.00 |
| 07/21/10 | J. McManus | Assemble data for exhibit to retention application (.20); confer with R. Podorovsky regarding same (.10). | 0.20 | 47.00 |
| 07/21/10 | M. Pinkston | Conference with R. Knapp-Podorovsky regarding motion to sell assets pursuant to section 363 of Bankruptcy Code | 0.20 | 59.00 |
| 07/21/10 | R. Knapp | Further draft of motion to sell assets (2.00); notice of motion (.20); proposed order (.50) and service list (.30); review and edit notice, motion and order (.80); meet with R. Pinkston regarding: same (.30). | 4.10 | 902.00 |
| 07/23/10 | M. Pinkston | Review (.40) and revise (.50) motion to retain Seyfarth Shaw LLP as counsel for G. Paloian, chapter 7 trustee | 0.90 | 265.50 |
| 07/23/10 | M. Pinkston | Review and revise motion for authority to conduct section 363 sale of debtor's automobile and boat | 0.60 | 177.00 |
| 07/27/10 | R. Knapp | Edit (.20) and finalize (.20) motion to retain Seyfarth and Affidavit per R. Pinkston and prepare for filing and service. | 0.40 | 88.00 |
| 07/27/10 | A. Shepro | Prepare (.60) and send (.10) Motion to Service List. | 0.70 | 56.00 |
| 07/27/10 | R. Knapp | Edit (.30) and finalize (.10) motion to sell property per Ryan Pinkston and prepare for filing. | 0.40 | 88.00 |
| 08/09/10 | A. Shepro | File undeliverable Notice of Hearing. | 0.10 | 8.00 |
| 08/10/10 | A. Shepro | Review and edit Spasojevic Service List recipients after two returned pieces of mail (.40); confer with J. McManus regarding Service List (.30); create new labels for Service List (.20). | 0.90 | 72.00 |
| 08/17/10 | A. Banas | Appear at hearing on Application of Trustee to retain Seyfarth Shaw and Motion to sell estate assets . | 0.30 | 97.50 |

13229592v.1

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 08/23/10 | M. Pinkston | Conference with A. Banas regarding hearing on motion for approval to sell estate assets | 0.10 | 29.50 |
| 11/02/10 | A. Shepro | Edit (.10) and update (.10) Service List based on returned Mailings. | 0.20 | 16.00 |
| 11/18/10 | A. Shepro | File returned motions (.10); update service list with undeliverable addresses from returned motions (.30). | 0.40 | 32.00 |
| 02/11/11 | R. Knapp | Prepare Seyfarth First and Final Fee Application (2.00); prepare coversheet to application (.10); prepare proposed order (.10); prepare exhibits to fee application (.30). | 2.50 | 575.00 |
| | | **TOTALS** | **16.80** | **$3,591.00** |

2

13229592v.1